**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____
                                        :
EARL JAMES,                             :
                                        :        Civil Action No.
                  Plaintiff,            :        07-4683 (KSH)
                                        :
            v.                          :
                                        :        **O P I N I O N**
SUPERIOR COURT OF NEW JERSEY            :
BERGEN COUNTY, et al. ,                 :
                                        :
                  Defendant.            :
_____:


**APPEARANCES:**

        EARL JAMES, Plaintiff pro se
        #44524-054
        Federal Correctional Institution Allenwood
        White Deer, PA  17887


**Katharine S. Hayden, District Judge**

        Plaintiff EARL JAMES (hereinafter "Plaintiff") currently

confined at Federal Correctional Institution Allenwood, White Deer,

Pennsylvania, seeks to bring this action, pursuant to Bivens v. Six

Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), and

prosecute the same in forma pauperis without prepayment of fees,

pursuant to 28 U.S.C. § 1915.[1]  Plaintiff submitted his (1)

_____

    [1]
        The Clerk received Plaintiff's Complaint on October 1, 2007.
However, since Plaintiff executed his Complaint on September 26,
2007, see Compl. at 7, this Court, giving Plaintiff's application

affidavit of indigence and institutional account statement pursuant to 28 U.S.C. § 1915(a) (1998); (2) complaint (hereinafter "Complaint"); and (3) various attachments and exhibits.

Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), as of the date of this Opinion and accompanying Order, the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

Plaintiff seeks compensatory damages in the amount of $250,000 from each of ten identified (plus unknown number of unidentified) Defendants, punitive damages in the amount of $250,000 from each of the aforesaid Defendants and, in addition, $5,000,000 from Defendants the Superior Court of New Jersey and the prosecutor of Plaintiff's underlying criminal action, as well as all costs associated with Plaintiff's prosecution of the instant action. See Compl. at 6.

After thoroughly examining Plaintiff's submission, this Court dismisses certain Plaintiff's allegations with prejudice as untimely and for failure to state a claim upon which relief may be granted, and dismisses other claims without prejudice as premature.

---

the benefit of the doubt, will presume that Plaintiff handled his application to prison officials for mailing on the date of execution, that is, on September 26, 2007.

## STANDARD OF REVIEW

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).  Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants.  However, in determining the sufficiency of a complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, lend credit to a pro se plaintiff's "bald assertions" or "legal conclusions." Id.  Thus, "[a] pro se complaint may be dismissed for failure to

state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Milhouse v. Carlson</u>, 652 F.2d 371, 373 (3d Cir. 1981) (quoting <u>Haines</u>, 404 U.S. at 520).

## <u>DISCUSSION</u>

### A.   <u>Plaintiff's Allegations</u>

Plaintiff alleges that, on May 23, 2005, Plaintiff was arrested without a probable cause since the arrest was executed on the basis of a warrant the existence and sufficiency of which Plaintiff is challenging in the instant action. <u>See</u> Compl. at 2-3. Plaintiff asserts that the sole basis for the arrest was related to unwarranted allegations related to Plaintiff's parking of his car. <u>See</u> <u>id.</u> at 4.  The aforesaid arrest, in turn, eventually led to charges underlying the criminal conviction, which yielded the term of imprisonment that Plaintiff is currently serving. <u>See</u> <u>id.</u> at 4-5.

Plaintiff alleges that his arrest and criminal prosecution, as well as the seizure of his car, were unwarranted, <u>see</u> <u>id.</u>, and names the following entities as Defendants in this action: (a) the Superior Court of New Jersey; (b) the prosecutor of Plaintiff's underlying criminal action; (c) Hackensack Police Department; (d) police officers who, through actions unspecified in the Complaint, "assisted [the prosecutor] in his quest to deny Plaintiff his

Constitutionally protected Rights"; (d) United States Postal Service; (e) a Postal Service inspector who allegedly "told Plaintiff [that] he had a warrant for [either search or seizure of] Plaintiff's vehicle"; (e) an Assistant U.S. Attorney who allegedly knew that Plaintiff's vehicle was impounded but did not interfere with either the issuance or the exercise of the aforesaid warrant; and (f) unspecified number of unspecified agents of the Port Authority of New York and New Jersey who, allegedly, "willingly joined into the conspiracy by not informing Plaintiff . . . that Plaintiff's vehicle was impounded." Compl. at 3-5.

**B.**   **The Court's Jurisdiction**

Federal courts are courts of limited jurisdiction. See Mansfield, C. & L. M. R. Co. v. Swan, 111 U.S. 379, 383 (1884). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986). A district court may exercise jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331. Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting

under color of state law.[2]  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory
> . . . subjects, or causes to be subjected, any citizen of
> the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or
> immunities secured by the Constitution and laws, shall be
> liable to the party injured in an action at law, suit in
> equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two
elements: (1) a person deprived him or caused him to be deprived of
a right secured by the Constitution or laws of the United States,
and (2) the deprivation was done under color of state law.  See
West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress &
Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099,
1107 (3d Cir. 1989).

"When evaluating a claim brought under § 1983, we must first
'identify the exact contours of the underlying right said to have
been violated' in order to determine 'whether [plaintiff] has
alleged a deprivation of a constitutional right at all." Natale v.
Camden County Corr. Facility, 318 F.3d 575, 581 (3d Cir. 2003)
(quoting County of Sacramento v. Lewis, 523 U.S. 833, 841 n.5

---

[2]
    Bivens actions are the federal counterpart to § 1983 claims
brought against state officials.  See Egervary v. Young, 366 F.3d
238, 246 (3d Cir. 2004) (citing Brown v. Philip Morris, Inc., 250
F.3d 789, 800 (3d Cir. 2001)).  "[C]ourts have generally relief
upon the principles developed in the case law applying section 1983
to establish the outer perimeters of a Bivens claim against federal
officials."  Schrob v. Catterson, 948 F.2d 1402, 1409 (3d Cir.
1991).

(1998)).  If so, the Court then determines whether the defendant can be held liable for that violation.  See Natale, 318 F.3d at 581; Berg v. County of Allegheny, 219 F.3d 261, 275 (3d Cir. 2000).

## C.  **Certain Plaintiff's Claims Fail to State a Claim**

### 1.  **Certain Defendants Are Immune or Not a Cognizable Entity**

Plaintiff's claims against the Superior Court of New Jersey cannot be recognized under § 1983 since a court is not a "person" subject to suit under 42 U.S.C. § 1983.  See Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989); Monell v. Dep't of Social Services of City of New York, 436 U.S. 658, 688-90 (1978).  Since the Court is not a proper Defendant to this action, all claims against the Court should be dismissed for failure to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).  Analogously, Plaintiff's claims against the police department or the United States Postal Inspection Services cannot be recognized, since these entities are not "persons" subject to suit under 42 U.S.C. § 1983.  See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (state police department is not a "person" subject to suit under § 1983); Martin v. Red Lion Police Dep't, 146 Fed. App. 558, 562 n.3 (3d Cir. 2005) (a municipal department is not a proper defendant in a § 1983 action); see also Johnson v. Runyon, 1999 U.S. Dist. LEXIS 5748 (W.D. Mich.

Apr. 22, 1999) (U.S. Postal Service is not a cognizable "person" for the purposes of § 1983 suit).

Moreover, even if this Court interpreted Plaintiff's claims against the Superior Court of New Jersey as claims against the judge presiding over Plaintiff's criminal proceedings, Plaintiff's claims would be barred by the Eleventh Amendment.  The Eleventh Amendment provides that the "[j]udicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.  "This immunity is based on a two-part presupposition:  (1) each State is a sovereign entity in our federal system and (2) it is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent."  In re Sacred Heart Hosp. of Norristown v. Pennsylvania Dept. of Public Welfare, 133 F.3d 237, 241-42 (3d Cir. 1998) (citations and internal quotation marks omitted).

The Eleventh Amendment has been interpreted as preventing suits in federal court against states, or state officials (if the state is the real party in interest), including the state judiciary.  See Hindes v. Federal Deposit Insurance Corp., 137 F.3d 148 (3d Cir. Feb. 19, 1998).  It is settled that "an official-capacity suit against a state officer is not a suit against the official but rather is a suit against the official's office.  As

such it is no different from a suit against the State itself." Hafer v. Melo, 502 U.S. 21, 26 (1991) (citation and internal quotation marks omitted). Accordingly, the Eleventh Amendment bars Plaintiff's claims against the judge presiding over Plaintiff's criminal proceedings, and these claims should be dismissed.

Similarly, Plaintiff's claims based on his prosecutor's performance of his professional prosecutorial duties are barred because prosecutors are absolutely immune from actions under § 1983 for "initiating and pursuing a criminal prosecution." Kalina v. Fletcher, 522 U.S. 118 (1997) (quoting Imbler v. Pachtman, 424 U.S. 409 (1976)).

Therefore, Plaintiff's claims against the Superior Court, the police department, Plaintiff's prosecutor and the Postal Inspection Service will be dismissed with prejudice for failure to state a claim upon which relief may be granted.

### 2.  Plaintiff's Respondeat Superior Claims

It is well settled that supervisors are not liable under § 1983 solely on a theory of respondeat superior. See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell, 436 U.S. at 690-91, 694 (1978); Natale v. Camden County Correctional Facility, 318 F.3d 575, 583-84 (3d Cir. 2003). "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of

respondeat superior.   Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); accord Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).   Therefore, where a plaintiff seeks to establish liability based on a supervisor's failure to train or supervise adequately, the plaintiff must allege and show that a need for more or different training or supervision is so obvious, and the inadequacy so likely to result in constitutional violations, that the failure to train or supervise can fairly be said to represent official policy.   See City of Canton v. Harris, 489 U.S. 378, 388-92 (1989); Stoneking v. Bradford Area School Dist., 882 F.2d 720, 724-26 (3d Cir. 1989), cert. denied, 493 U.S. 1044 (1990).

In the case at bar, Plaintiff's claims against Defendants Massey and Zisa are based solely on the fact that these Defendants were supervising performances of other Defendants named by Plaintiff.   Such allegations, however, are insufficient to state a claim and, therefore, will be dismissed with prejudice for failure to state a claim upon which relief may be granted.

D.   **Certain Plaintiff's Claims Are Premature**

Plaintiff's allegations against the remaining Defendants who, allegedly, assisted in malicious prosecution of Plaintiff and contributed to Plaintiff's alleged wrongful conviction, are premature.

In a series of cases beginning with Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C.§ 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254.  In Preiser, state prisoners who had been deprived of good-conduct-time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate release.  411 U.S. at 476.  The prisoners did not seek compensatory damages for the loss of their credits.  411 U.S. at 494.  The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  Id. at 500.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Court addressed a corollary question to that presented in Preiser, whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983, a form of relief not

available through a habeas corpus proceeding.  Again, the Court
rejected § 1983 as a vehicle to challenge the lawfulness of a
criminal judgment.

> [I]n order to recover damages for allegedly
> unconstitutional conviction or imprisonment, or for other
> harm caused by actions whose unlawfulness would render a
> conviction or sentence invalid, a § 1983 plaintiff must
> prove that the conviction or sentence has been reversed
> on direct appeal, expunged by executive order, declared
> invalid by a state tribunal authorized to make such
> determination, or called into question by a federal
> court's issuance of a writ of habeas corpus, 28 U.S.C. §
> 2254.  A claim for damages bearing that relationship to
> a conviction or sentence that has not been so invalidated
> is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted).  The Court further
instructed district courts, in determining whether a complaint
states a claim under § 1983, to evaluate whether a favorable
outcome would necessarily imply the invalidity of a criminal
judgment.

> Thus, when a state prisoner seeks damages in a § 1983
> suit, the district court must consider whether a judgment
> in favor of the plaintiff would necessarily imply the
> invalidity of his conviction or sentence; if it would,
> the complaint must be dismissed unless the plaintiff can
> demonstrate that the conviction or sentence has already
> been invalidated.  But if the district court determines
> that the plaintiff's action, even if successful, will not
> demonstrate the invalidity of any outstanding criminal
> judgment against the plaintiff, the action should be
> allowed to proceed, in the absence of some other bar to
> the suit.

512 U.S. at 487 (footnotes omitted).  The Court further held that
"a § 1983 cause of action for damages attributable to an

unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." <u>Id.</u> at 489-90.

Plaintiff's claims against the public defenders, the prosecutor, and the Atlantic County Superior Court present the type of claim addressed in <u>Heck</u>; that is, a finding that Plaintiff's conviction was procured by unconstitutional means would necessarily imply the invalidity of his conviction. <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668 (1984) (describing "the standards by which to judge a contention that the Constitution requires that a criminal judgment be overturned because of the actual ineffective assistance of counsel"); <u>Smith v. Holtz</u>, 87 F.3d 108, 112 (3d Cir.) (involving claims that defendants suppressed exculpatory evidence and contrived inculpatory evidence), <u>cert. denied</u>, 519 U.S. 1041 (1996). As Massey does not contend that his conviction has been invalidated, these claims have not yet accrued. Accordingly, these claims must be dismissed for failure to state a claim.

Nor does Plaintiff's allegation of an unreasonable search state a claim. Specifically addressing, albeit in <u>dicta</u>, whether a § 1983 suit, for damages attributable to an allegedly unreasonable search, would lie in advance of a judicial determination of the invalidity of the related conviction, the Supreme Court said,

> For example, a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983

> plaintiff's still-outstanding conviction.  Because of
> doctrines like independent source and inevitable
> discovery, and especially harmless error, such a § 1983
> action, even if successful, would not <u>necessarily</u> imply
> that the plaintiff's conviction was unlawful.  In order
> to recover compensatory damages, however, the § 1983
> plaintiff must prove not only that the search was
> unlawful, but that it caused him actual, compensable
> injury, which, we hold today, does <u>not</u> encompass the
> "injury" of being convicted and imprisoned (until his
> conviction has been overturned).

<u>Heck</u>, 512 U.S. at 487 n.7.

The Court of Appeals for the Third Circuit recently addressed the proper interpretation of footnote seven.  Rejecting the view of some courts that footnote seven creates a general exception to <u>Heck</u> for Fourth Amendment unreasonable search and seizure claims, the Court held that "the better reading of footnote seven is one that requires a fact-based inquiry.  Accordingly, in those cases in which a district court determines that success on the § 1983 claim would imply the invalidity of the conviction, the cause of action is deferred until the conviction is overturned."  <u>Gibson v. Superintendent of New Jersey Dept. of Law and Public Safety</u>, 411 F.3d 427, 449 (2005).  Thus, cases in which the <u>only</u> evidence supporting a conviction is tainted by a possible constitutional violation are perhaps "the quintessential example of when the <u>Heck</u> deferred accrual rule is triggered."  <u>Id.</u> at 452.  In such cases, the actual compensable injury is the injury of being convicted and imprisoned, which is not actionable until the conviction is overturned.  <u>Id.</u>

"Considering Heck and summarizing the interplay between habeas and § 1983 claims, the Supreme Court recently explained that, 'a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of the confinement or its duration.'" Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006) (quoting Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005)) (emphasis in original).

In the case at bar, Plaintiff challenges his criminal conviction that ensued, allegedly, from perjurious statements and false evidence admitted against Plaintiff.  See Compl. at 4-5. However, "[a] party may not bring a § 1983 claim if success 'would necessarily imply the invalidity' of a conviction or sentence that has not already been reversed, expunged, declared invalid, or called into question by issuance of a writ of habeas corpus." Wiggins v. Donio, 2007 U.S. App. LEXIS 19770, at *4 (3d Cir. Aug. 17, 2007) (quoting Heck, 512 U.S. at 487).  Therefore, Plaintiff's claims based on his allegedly malicious prosecution and wrongful conviction will be dismissed without prejudice as premature.

**E.**   **Plaintiff's Wrongful Arrest Claims Are Untimely**

While the Complaint fails to make any specific allegations with respect to the events of May 23, 2005, short of allegedly wrongful arrest of Plaintiff and improper seizure of Plaintiff's car, these two lines of allegations fail to state a cognizable claim.

Although Plaintiff's claims based on his allegedly malicious prosecution and wrongful conviction are premature, his allegations related to wrongful arrest are time barred.  It is well established in the Third Circuit that an arrest without probable cause is a Fourth Amendment violation actionable under § 1983.  See Walmsley v. Philadelphia, 872 F.2d 546 (3d Cir. 1989)(citing cases); see also, Albright v. Oliver, 510 U.S. 266, 274 (1994)(a section 1983 claim for false arrest may be based upon an individual's Fourth Amendment right to be free from unreasonable seizures).  Under New Jersey law, false arrest has been defined as "the constraint of the person without legal justification." Ramirez v. United States, 998 F. Supp. 425, 434 (D.N.J. 1998) (quoting Fleming v. United Postal Service, Inc., 255 N.J. Super. 108, 604 A.2d 657, 680 (N.J. Law Div. 1992)).  To state a Fourth Amendment claim for false arrest, a plaintiff must allege two elements: (1) that there was an arrest; and (2) that the arrest was made without probable cause.  See Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988). To establish the absence of probable cause, a plaintiff must show

"that at the time when the defendant put the proceedings in motion the circumstances were such as not to warrant an ordinary prudent individual in believing that an offense had been committed." Lind v. Schmid, 67 N.J. 255, 262, 337 A.2d 365 (1975). "Probable cause . . . requires more than mere suspicion; however, it does not require that the officer have evidence to prove guilt beyond a reasonable doubt." Orsatti v. New Jersey State Police, 71 F.3d 480, 482-83 (3d Cir. 1995). Rather, probable cause exists when the facts and circumstances are "sufficient to warrant a prudent man in believing that the defendant had committed or was committing an offense." Gerstein v. Pugh, 420 U.S. 103, 111 (1975) (quoting Beck v. State of Ohio, 379 U.S. 89, 91 (1964)); Sharrar v. Felsing, 128 F.3d 810, 817 (3d Cir. 1997).

Moreover "where the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." Groman v. Manalapan, 47 F.3d 628, 636 (3d Cir. 1995); Palma v. Atlantic County, 53 F. Supp. 2d 743, 755 (D.N.J. 1999) (citing Groman). Indeed, the United States Supreme Court recently noted that, "[f]alse arrest and false imprisonment overlap; the former is a species of the latter." Wallace v. Kato, 127 S. Ct. 1091, 1095 (2007).

Hence, the allegations made in Plaintiff's Complaint appear to provide a notice as to his false arrest claims. However, an

arrestee could file suit as soon as the allegedly wrongful arrest occurs; the limitations period begins to run as soon as the allegedly false imprisonment ends, that is, when the arrestee becomes held by legal process, for example, when he is bound over by a magistrate or arraigned on criminal charges. See Wallace, 127 S. Ct. at 1095-96.

Since it appears clear apparent from Plaintiff's Complaint that his arrest ended and he became held by legal process on May 23, 2005, or shortly thereafter, Plaintiff's period of limitations began to run on May 23, 2005.

The statute of limitations on civil rights claims is governed by New Jersey's two-year limitations period for personal injury.[3] See Goodman v. Lukens Steel Co., 482 U.S. 656, 661-62 (1987); Wilson v. Garcia, 471 U.S. 261, 276 (1985); O'Connor v. City of Newark, 440 F.3d 125 (3d Cir. March 13, 2006); Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998); Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3d Cir. 1989).

"Equitable tolling functions to stop the statute of limitations from running where the claim's accrual date has already passed." Oshiver v. Levin, 38 F.3d 1380, 1387 (3d Cir. 1994). "Generally, a litigant seeking equitable tolling bears the burden

---

[3]
New Jersey's statute of limitations for personal injury claims requires that "an action for an injury to the person caused by a wrongful act, neglect, or default, must be convened within two years of accrual of the cause of action." Cito, 892 F.2d at 25 (quoting Brown v. Foley, 810 F.2d 55, 56 (3d Cir. 1987)).

of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 125 S.Ct. 1807, 1814 (2005).  The Third Circuit instructs that equitable tolling is appropriate when "the principles of equity would make the rigid application of a limitation period unfair, such as when a [plaintiff] faces extraordinary circumstances that prevent him from filing a timely [complaint] *and* the [plaintiff] has exercised reasonable diligence in attempting to investigate and bring his claims."  LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005). Mere excusable neglect is not sufficient.  Id.; Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 618-19 (3d Cir. 1998); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).

Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court itself has misled a party regarding the steps that the party needs to take to preserve a claim.  See Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).

In this case, Plaintiff alleges that Defendants violated his constitutional rights on May 23, 2005.  See Compl. at 2-5.  Hence,

the statute of limitations began to run on May 23, 2005, and expired two years later on May 24, 2007, that is, more than four months prior to Plaintiff's execution of the Complaint. Since Plaintiff's Complaint is silent as to any basis for equitable tolling of Plaintiff's claims, Plaintiff's allegations as to his wrongful arrest are untimely and will be dismissed with prejudice.

**E.** **Plaintiff's Claims Subject to the Federal Tort Claims Act**

Finally, Plaintiff appears to challenge the seizure of his vehicles by government authorities. Such challenge suggests that Plaintiff's opinion that the government is liable for damages under the Federal Tort Claims Act (hereinafter "FTCA"), 28 U.S.C. §§ 1346(b), 2671-80, for loss of Plaintiff's car. "It is elementary that '[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" United States v. Mitchell, 445 U.S. 535, 538 (1980) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)); Federal Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475 (1994).

Congress waived sovereign immunity under certain circumstances in the Federal Tort Claim Act (hereinafter "FTCA"). The FTCA gives a district court

> exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee

> of the Government while acting within the scope of his
> office or employment, under circumstances where the
> United States, if a private person, would be liable to
> the claimant in accordance with the law of the place
> where the act or omission occurred.

28 U.S.C. § 1346(b); see United States v. Muniz, 374 U.S. 150

(1963); Deutsch v. United States, 67 F.3d 1080, 1091 (3d Cir.

1995).  Cognizable claims under 28 U.S.C. § 1346(b) include those

that are

> [1] against the United States, [2] for money damages, .
> . . [3] for injury or loss of property, . . . [4] caused
> by the negligent or wrongful act or omission of any
> employee of the Government [5] while acting within the
> scope of his office or employment, [6] under
> circumstances where the United States, if a private
> person, would be liable to the claimant in accordance
> with the law of the place where the act or omission
> occurred.

Deutsch, 67 F.3d at 1091 (quoting 28 U.S.C. § 1346(b)); see also

Federal Deposit Ins. Corp. v. Meyer, 510 U.S. at 477.

A district court lacks jurisdiction over a FTCA claim where

the claimant has not exhausted administrative remedies.  See 28

U.S.C. § 2675(a); see also McNeil v. United States, 508 U.S. 106

(1993); Deutsch, 67 F.3d at 1091.  Specifically, 28 U.S.C. §

2675(a) provides, in pertinent part:

> An action shall not be instituted upon a claim against
> the United States for money damages . . . unless the
> claimant shall have first presented the claim to the
> appropriate Federal agency and his claim shall have been
> finally denied by the agency in writing and sent by
> certified or registered mail.  The failure of an agency
> to make final disposition of a claim within six months
> after it is filed shall, at the option of the claimant
> any time thereafter, be deemed a final denial of the
> claim for purposes of this section.

To exhaust administrative remedies on a tort claim before the Bureau of Prisons, a federal inmate must submit his tort claim for a sum certain to the Regional Office in the region where the claim occurred.  See 28 C.F.R. § 543.31(b).  The Regional Counsel is authorized to deny the claim, propose to the claimant a settlement, or forward the claim with recommendations to the Office of General Counsel.  See 28 C.F.R. § 543.31(d).  The General Counsel is required to consider the merits of a claim that has not been settled by Regional Counsel.  See 28 C.F.R. § 543.31(e).  Agency action is final upon either (1) the denial of a claim by Regional Counsel or General Counsel, or (2) their failure to finally dispose of the claim within six months from the date of filing.  See 28 C.F.R. § 543.31(f), (g).

Plaintiff's Complaint, however, does not indicate that Plaintiff exhausted his administrative remedies.  See generally, Compl.  Therefore, Plaintiff's FTCA claim will be dismissed.[4]

---

[4]

Since the Complaint is silent as to whether Plaintiff is currently involved in the process of exhaustion of his administrative remedies, the Court will presume that Plaintiff's claims might be in the process of ripening.  Consequently, the Court's dismissal will be without prejudice.  However, the Court's dismissal of Plaintiff's FTCA claims without prejudice should *not* be deemed a finding of fact for the purposes of the government's affirmative defenses with respect to Plaintiff's future action, if any, challenging the seizure of Plaintiff's car.

## CONCLUSION

For the reasons stated in this Opinion, Plaintiff's application to proceed in forma pauperis will be GRANTED. Plaintiff's Complaint will be dismissed with prejudice for failure to state a claim upon which relief may be granted with respect to all Plaintiff's allegations, except for those based on his allegedly malicious prosecution and wrongful conviction or on the allegedly illegal seizure of his vehicle.

Plaintiff's claims based on his allegedly malicious prosecution and wrongful conviction will be dismissed without prejudice as premature.

Plaintiff's claims based on the allegedly illegal seizure of his vehicle will be dismissed as unexhausted.

An appropriate Order accompanies this Opinion.


/s/ Katharine S. Hayden
_____
   **Katharine S. Hayden**
   **United States District Judge**

Date: October 19, 2007